IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR L. HAIRSTON, SR., | : | 1:10-CV-2356 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| WILLIAM A. SCISM, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## January 5, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 6), filed on December 6, 2010. The R&R recommends that the instant habeas corpus petition be dismissed because Petitioner's claim is the type of claim that must be brought by way of a 28 U.S.C. § 2255 motion. Petitioner Arthur L. Hairston, Jr. ("Hairston") filed objections to the R&R on December 15, 2010. (Doc. 7). Thus, this matter is ripe for our review and disposition.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

On November 15, 2010, Hariston filed this action, self-styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hariston's application for leave to proceed *in forma pauperis* was granted. The grounds raised in the petition are that the United States District Court for the Northern District of Virginia erred in not having used a one-to-one crack cocaine to powder cocaine ratio in applying the United States Sentencing Guidelines in his criminal case.

In 2001, following a jury trial, Petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine base and five counts of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to a 290 month term of imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment and imposition of sentence. Thereafter, Petitioner filed two 28 U.S.C. § 2255 motions. The first one was dismissed on October 6, 2004 and the second was dismissed as successive on December 21, 2006. As noted above, the instant §2241 petition was filed on November 15, 2010.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1);

*United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

Except under certain circumstances, in order to collaterally attack a criminal conviction or sentence, a petitioner must proceed by motion made pursuant to 28 U.S.C. § 2255. To appropriately bring a 28 U.S.C. § 2241 petition in lieu of a 28 U.S.C. § 2255 motion, a petitioner must establish that he satisfies the safety-valve language of §2255, i.e. that the remedy of a §2255 motion is inadequate or ineffective to test the legality of his detention. *Manna v. Schultz*, 591 F. 3d 664, 665 (3d Cir. 2010). A motion under §2255 is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication on his claim of wrongful detention." *Application of Galante*, 437 F. 2d 1164, 1165(3d Cir. 1971)(quoting *Leguillou v. Davis*, 212 F. 2d 681, 684 (3d Cir. 1954)). To be sure,

3

"[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255 ." *Cradle v. United States*, 290 F. 3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. 538.

Magistrate Judge Smyser recommends that instant petition be dismissed because Petitioner's claim is of the type that must be brought by way of §2255 motion. Petitioner does not meet any of the exceptions allowing him to do otherwise. It is well to note that matter *sub judice* is not the same as the situation of the petitioner in *In re Dorsainvil*, 119 F. 3d 245 (3d Cir. 1997). *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), wherein the Supreme Court held that a defendant may not be convicted of using a firearm under 19 U.S.C. § 924(c) unless the government proves that the defendant actively employed the firearm during and in relation to the predicate crime. After the *Bailey* decision, the *Dorsainvil* petitioner filed an application to file a successive § 2255 motion, claiming that on the basis of *Bailey*, he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit concluded that the petitioner could not file a successive § 2255 motion because the second

motion did not meet the stringent exception requirements, however the petitioner could file a 28 U.S.C. § 2241 petition based on the holding of the *Bailey* case. Thus, the petitioner in *Dorsainvil* and similar cases was allowed to present his claims that he was imprisoned for conduct that the Supreme Court had determined was not illegal in a § 2241 petition because he did not have an unobstructed procedural opportunity to raise his claim in a § 2255 motion, since his § 2255 motions was filed prior to *Bailey* and he did not meet the requirements for filing a successive § 2255 motion after *Bailey*.

Petitioner here is not in a position similar to the petitioner in *Dorsainvil*. To reiterate, Petitioner's claim is that the sentencing court erred when it did not apply a 1:1 crack to powder cocaine ratio when calculating his sentencing guidelines. While we need not reach the merits, we do note that, despite Petitioner's argument to the contrary, this Court is well aware of the recent decisions by the United States Supreme Court in *Kimbrough v. United States*[1] and *Spears v. United States*[2], neither of which require Courts to retroactively apply a 1:1 ratio to prisoners convicted of crack cocaine offenses such as Petitioner. Rather, the Supreme Court's holding in *Kimbrough* was that a sentencing court, *in its discretion*, may vary from the current

---

[1] 552 U.S. 85 (2007).

[2] 129 S. Ct. 840 (2009).

5

ratio based upon policy considerations. Thus, Petitioner is not imprisoned for conduct that was later deemed to be noncriminal. Quite simply, this Court, presented with Petitioner's instant petition, has no authority to act to alter a sentence imposed by another court on the basis of differing policy viewpoints. Thus, we are constrained to dismiss the petition.

## IV.	CONCLUSION

Accordingly, for the foregoing reasons as stated by this Court and the Magistrate Judge, we shall overrule Petitioner's objections and adopt the R&R in its entirety. An appropriate Order shall issue.